1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12  DAMARIS CRUZ, individually and      )  CASE NO.: C 07 05688 JCS
    on behalf of all others similarly   )
13  situated,                           )
                                        )
14           Plaintiff,                 )  **ANSWER OF DEFENDANTS TO**
                                        )  **COMPLAINT**
15      vs.                             )
                                        )
16  MRC RECEIVABLES CORP.;              )
    MIDLAND CREDIT                      )
17  MANAGEMENT, INC.; A.                )
    SYRAN, an individual,               )
18                                      )
             Defendants.                )
19                                      )
    _____)

20

21

22

23

24

25

26

27

28

CRUZ V. MRC RECEIVABLES ET AL. (CASE NO. C 07 05688 JCS)
ANSWER TO COMPLAINT

1    Defendants MRC RECEIVABLES CORP. ("MRC"), MIDLAND CREDIT MANAGEMENT, INC. ("Midland") and A. SYRAN ("Syran") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff DAMARIS CRUZ ("Plaintiff"):

1.    In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and *Swanson v. Southern Oregon Credit Serice, Inc.*, 859 F.2d 1222 (9th Cir. 1988) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.    In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.    In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges that venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.    Defendants admit, on information and belief, the allegations of Paragraph 4 of the Complaint.

5.    In answering Paragraph 5 of the Complaint, Defendants admit that defendant MRC is Delaware Corporation. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.    In answering Paragraph 6 of the Complaint, Defendants admit that defendant Midland is Kansas Corporation that conducts business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

7.    Admitted.

1       8.      In answering Paragraph 8 of the Complaint, Defendants admit that
2  MRC purchases defaulted debts which are often referred to Midland for collection.
3  Defendants further admit that Midland has, at times, acted as a "debt collector" as
4  defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining
5  allegations of Paragraph 8 are denied.
6       9.      In answering Paragraph 9 of the Complaint, Defendants admit that
7  MRC referred Plaintiff's financial obligation to Midland for collection.  Except as
8  herein admitted, the remaining allegations of Paragraph 9 are denied.
9       10.     In answering Paragraph 10 of the Complaint, Defendants admit that
10 defendant Syran is an employee of Midland.  Except as herein admitted, the
11 remaining allegations of Paragraph 10 are denied.
12      11.     In answering Paragraph 11 of the Complaint, Defendants admit that
13 Syran has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).
14 Except as herein admitted, the remaining allegations of Paragraph 11 are denied.
15      12.     In answering Paragraph 12 of the Complaint, Defendants admit that
16 Midland sent a letter to Plaintiff dated April 11, 2007, the contents of which are
17 self-explanatory.  Except as herein admitted, the remaining allegations of
18 Paragraph 12 are denied.
19      13.     In answering Paragraph 13 of the Complaint, Defendants admit that
20 Midland sent a letter to Plaintiff dated April 11, 2007, the contents of which are
21 self-explanatory.  Except as herein admitted, the remaining allegations of
22 Paragraph 13 are denied.
23      14.     Denied.
24      15.     Denied.
25      16.     Denied.
26      17.     In answering Paragraph 17 of the Complaint, Defendants admit that
27 Midland sent a letter to Plaintiff dated April 11, 2007, the contents of which are
28

self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.    In answering Paragraph 18 of the Complaint, Defendants admit that Midland sent a letter to Plaintiff dated May 23, 2007 and a letter to Plaintiff dated July 4, 2007, the contents of both of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19.    Denied.

20.    Denied.

21.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 21 of the Complaint.

22.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 22 of the Complaint.

23.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 23 of the Complaint.

24.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 24 of the Complaint.

25.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 25 of the Complaint.

26.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 26 of the Complaint.

27.    Defendants incorporate by reference paragraphs 1 through 27 above, as if fully stated herein.

28.    In answering Paragraph 28 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. In answering Paragraph 29 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(9) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30. In answering Paragraph 30 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to MRC on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not a Debt Collector)

Defendant MRC Receivables Corp. is not a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

1    WHEREFORE, Defendants request judgment as follows:

2    1.   That Plaintiff takes nothing by the Complaint, which should be
3  dismissed with prejudice.

4    2.   That Defendants recover from Plaintiff their costs according to proof.

5    3.   That Defendants recover their attorneys' fees according to proof.

6    4.   That the Court orders such other further reasonable relief as the Court
7  may deem just and proper.

9  DATED: December 5, 2007            SIMMONDS & NARITA LLP
                                      TOMIO B. NARITA
10                                    JEFFREY A. TOPOR

13                                    By:   s/Tomio Narita
                                            Tomio B. Narita
14                                          Attorneys for Defendants