FEB-06-2008 20:32 From:                              To:415 352 2625          P.2/6

1   Irving L. Berg (SBN 36273)
    THE BERG LAW GROUP                      Tomio B. Narita
2   145 Town Center, PMB 493                SIMMONDS & NARITA LLP
        Corte Madera, California 94925      44 Montgomery Street, Suite 3010
3   (415) 924-0742                          San Francisco, CA 94104-4816
    (415) 891-8208 (Fax)                    Facsimile (415) 352-2625
4   irvberg@comcast.net (e-mail)            Tel. (415) 283-1000
    ATTORNEY FOR PLAINTIFF                  tomio@snllp.com
5                                           ATTORNEY FOR DEFENDANTS

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

10  DAMARIS CRUZ, individually and on        Case No. C 07 5688 SC
    behalf of all others similarly situated,
11                                           JOINT CASE MANAGEMENT
            Plaintiffs,                      STATEMENT
12
        v.                                   Date:    February 22, 2008
13  MRC RECEIVABLES CORPORATION,             Time:    10:00 a.m.
    et al.                                   Dept:    Courtroom 1 - 17th Floor
14                                           Judge:   Hon. Samuel Conti
            Defendants.                               District Court Judge
15  _____/

16

17          The parties, by their attorneys, file their Joint Case Management Statement pursuant to

18  L.R. 16-9, addressing all of the topics set forth in the Standing Orders of All Judges of the

19  Northern District of California.

20          1.      Jurisdiction and Service. The Plaintiff contends that this Court's jurisdiction is

21  based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22          The parties are not aware of any issues regarding personal jurisdiction or venue.

23          At this time, Plaintiff is not aware of any additional parties to be served, but asks that the

24  time for service remain open until the completion of discovery.

25          Defendants ask the Court to set a deadline in 30 days for addition of any new parties and

26  60 days for service of same.

27          2.      Facts: Plaintiff filed her class action complaint on November 8, 2007. Plaintiff

28  alleges receiving a two-sided form collection letter, Exhibits A and B to the Complaint, which

JOINT CASE MANAGEMENT STATEMENT
4818-4688-6145.1                              1         CRUZ V. MRC RECEIVABLES CORP., et al.
                                                        CASE NO. C 07 5688 SC

1   represented that the letter was from Defendant, A. Syran, Senior Vice President, Operations and

2   Marketing. Plaintiff challenges the practice of Defendants' sending a collection letter as being

3   from a high-ranking officer of Defendant Midland as a misrepresentation of the high-ranking

4   officer's involvement in the authorization and sending of the collection letter. The reverse side

5   of the collection letter, Exhibit B to the Complaint, states:

6           As required by law, you are hereby notified that a negative credit
            report reflecting on your credit record may be submitted to a credit-
7           reporting agency if you fail to fulfill the terms of your credit
            obligations.
8

9   Plaintiff alleges the statement is false, as a negative credit report had previously been made to the

10  credit bureau, both by Defendant Midland and by the original credit grantor.

11          Defendant's Answer to the Complaint was filed on December 8, 2007. Defendants deny

12  that the letter violates the FDCPA. Defendants have answered the Complaint and they plan to

13  file a motion for summary judgment.

14          3.    Legal Issues. Issues are (a) whether the collection letter, Exhibit A, is false and

15  violative of the anti-deception provisions of the FDCPA; and (b) whether the threat to make a

16  negative credit report to the credit bureau is false and violative of the anti-deception provisions of

17  the FDCPA and a coercive tactic resulting in an unfair and unconscionable debt collection

18  practice. All of these representations are viewed from the perspective of a hypothetical least

19  sophisticated consumer. *Swanson v. Southern Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir.

20  1988).

21          Defendants contend that the letter attached to the complaint accurately sets forth the terms

22  of a settlement opportunity that Defendants were willing to honor. The Defendants deny that the

23  settlement letter contains any false statements, and they deny that any debtor would be confused

24  or misled by the contents of the letter. In fact, in a prior case filed by the Plaintiff's counsel, this

25  Court ruled that the identical settlement letter did not violate the FDCPA, and the Ninth Circuit

26  affirmed this Court's ruling. See *Kalinina v. Midland Credit Management, Inc.*, 2004 WL

27  3187150 (N.D. Cal. Aug. 10, 2004), aff'd 2006 WL 22779326 (9th Cir. Aug. 9,

28  2006)(unpublished).

1    Similarly, the Seventh Circuit has also ruled that this identical settlement letter does not

2  violate the FDCPA.  See *Jackson v. Midland Credit Management, Inc.*, 445 F. Supp. 2d 1015 (N.

3  D. Ill. 2006), aff'd *sub nom. Evory v. RJM Acquisitions Funding LLC*, 505 F. 3d 769 (7th Cir.

4  2007).

5    No debtor would be confused by the typed signature of the Midland executive, A. Syran,

6  which appears at the bottom of the letter.  The notice regarding credit reporting on the revers side

7  of the letter is not false, misleading or confusing in violation of the FDCPA.  In fact, the

8  language challenged by Plaintiff is truthful and is expressly required by California state law.

9    4.    Motions.  Plaintiff has set her motion for class certification to be heard before this

10  honorable court on March 21, 2008.

11    Defendants are preparing a motion for summary judgment and they plan to file it

12  promptly.  Defendants will also request that any hearing on the motion for class certification be

13  deferred until after the Court rules on the summary judgment motion.

14    5.    Amendment of Pleadings.  Plaintiff at this time does not anticipate amending the

15  Complaint.  Plaintiff asks that the deadline for amendment be set at the completion of discovery.

16  Defendants ask that the deadline to amend be set in 30 days.

17    6.    Evidence Preservation.  Plaintiff asks that the Court issue an evidence

18  preservation order.

19    7.    Disclosures.  Plaintiff has complied with the initial disclosure requirements.

20  Defendants' initial disclosures will be submitted by February 15, 2008.

21    8.    Discovery.  Plaintiff propounded her first set of discovery requests to Defendants

22  on January 19, 2008.

23    9.    Class actions.

24    (a) The class action is maintainable under Paragraphs 2 and 3 of the Federal Rules of

25  Civil Procedure.

26    (b) The class is all California consumers who received the collection letter, attached as

27  Exhibits A and B to the Complaint, within the one year immediately preceding the filing of the

28  Complaint.

JOINT CASE MANAGEMENT STATEMENT                    CRUZ V. MRC RECEIVABLES CORP., et al.
4818-4688-6145.1                          3                CASE NO. C 07 5688 SC

1        (c) Plaintiff is entitled to maintain the action under Fed. R. Civ. Proc. 23(a), as (i) the

2   class is so numerous that joining all of the members would be impracticable, (ii) there are

3   questions of law or fact common to the class, (iii) the claims or defenses of the representative

4   party is typical of the class members, and (iv) the representative party will fairly and adequately

5   protect the interests of the class.

6        (d) The proposed date for the Court to consider whether the case can be maintained as a

7   class action is March 21, 2008. Defendants ask that class certification be deferred after

8   Defendants file their summary judgment motion.

9        10.    Related cases. Plaintiff is not aware of any related cases.

10       11.    Relief. Plaintiff seeks statutory damages of $1,000 and relief for the Class, of the

11   lesser of a sum not to exceed $500,000.00 or 1% per centum of Defendant's net worth.

12       12.    Settlement and ADR. Plaintiff agrees to mediation under ADR auspices.

13       13.    Consent to magistrate judge for all purposes. Plaintiff consents to have this

14   matter heard by the magistrate judge for all purposes. Defendants do not consent to a magistrate

15   judge.

16       14.    Other references. Plaintiff declines references other than mediation under the

17   ADR.

18       15.    Narrowing of Issues. Plaintiff believes the issues can be narrowed by stipulation

19   to class certification. Defendants believe their summary judgment motion will dispose of all

20   issues.

21       16.    Expedited schedule. This case is not amenable to handling on an expedited basis.

22       17.    Scheduling. Plaintiff proposes that the discovery cut-off be September 1, 2008,

23   that the date for designation of experts be August 1, 2008, that the date for hearing summary

24   judgment motions be the week of July 1, 2008, and that the trial date be after November 1, 2008.

25       Defendants request that the hearing on the class certification motion be deferred until

26   after the Court has heard Defendants' summary judgment motion. Defendants request that the

27   Court set a deadline for the Plaintiff to add any new parties or new claims within 30 days of the

28   Case Management Conference, and that all parties be served within 30 days thereafter.

JOINT CASE MANAGEMENT STATEMENT             CRUZ V. MRC RECEIVABLES CORP., et al.
4818-4688-6145.1           4                        CASE NO. C 07 5688 SC

1  Defendants propose that the deadline for designation of experts should be August 1, 2008, that

2  the discovery cutoff be set for September 1, 2008, and that the last date for any hearing on

3  dispositive motions be set for November 17, 2008.

4        18.    Trial. The trial will be a court trial, and the length of trial is expected to be 3-4

5  days.

6        19.    Disclosures of non-party, interested entities or persons. Plaintiff has no

7  disclosures to make. Defendants' Certificate of Non-Interested Parties has been filed.

8        20.    Other matters. The parties have no other matters to disclose at this time.

9                                    Respectfully submitted,

10

11  Dated: 2-05.08

12                                    Irving L. Berg
                                      The Berg Law Group
13                                    Attorney for Plaintiffs

14  Dated: 2-8-08

15                                    Tomio B. Narita
                                      Simmonds & Narita LLP
16                                    Attorney for Defendants

17

18

19

20

21

22

23

24

25

26

27

28