1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

                       SAN FRANCISCO DIVISION
8
   DAMARIS CRUZ, individually and on behalf   Case No.: C 07-05688 SC
9  of all others similarly situated,
                                              **PLAINTIFF'S RESPONSE TO**
10                         Plaintiff,          **DEFENDANTS' SUMMARY JUDGMENT**
                                              **MOTION AND PLAINTIFF'S CROSS-**
   v.                                         **MOTION FOR PARTIAL SUMMARY**
11                                            **JUDGMENT**
   MRC RECEIVABLES CORP.; MIDLAND
12 CREDIT MANAGEMENT, INC.; A.                **MEMORANDUM OF LAW IN SUPPORT**
   SYRAN, an individual,                      **OF PLAINTIFF'S CROSS-MOTION FOR**
13                                            **PARTIAL SUMMARY JUDGMENT**
                           Defendants.
14 _____/
                                              Date:  March 21, 2008
15                                            Time:  10:00 a.m.
                                              Dept:  Courtroom 1, 17th Floor
16                                            Judge: Hon. Samuel Conti

17        Pursuant to F. R. Civ. P., Rule 56, Plaintiff Damaris Cruz, on behalf of herself and all

18 others similarly situated, moves this honorable Court for entry of summary judgment against

19 Defendants as to liability.  Plaintiff submits that there are no genuine issues of material fact; that

20 she is entitled to judgment as a matter of law; and that Defendants' motion must be denied.

21        In support of summary judgment, Plaintiff incorporates the Memorandum of Law and

22 Declaration of Damaris Cruz filed concurrently; all pleadings filed in the action; and such other

23 evidence as may be admitted at the hearing hereof.

24

25 Dated:  __2/27/08_____            _____/s/_____
                                                    Irving L. Berg
26

27

28

1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEY FOR PLAINTIFF

6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9  DAMARIS CRUZ, individually and on behalf      Case No.: C 07-05688 SC
   of all others similarly situated,
10                                                **MEMORANDUM OF LAW IN SUPPORT
11                         Plaintiff,             OF PLAINTIFF'S CROSS-MOTION FOR
                                                  PARTIAL SUMMARY JUDGMENT AND
   v.                                             OPPOSITION TO DEFENDANTS'
12                                                SUMMARY JUDGMENT MOTION**
   MRC RECEIVABLES CORP.; MIDLAND
13 CREDIT MANAGEMENT, INC.; A.
   SYRAN, an individual,                          Date:   March 21, 2008
14                                                Time:   10:00 a.m.
                         Defendants.              Dept:   Courtroom 1, 17th Floor
15 _____/             Judge:  Hon. Samuel Conti

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## TABLE OF CONTENTS

3

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.      STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.      HISTORY AND PURPOSE OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      THE MCM LETTERS VIOLATE THE ANTI-DECEPTION
                PROVISIONS OF THE FDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                1.      15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                2.      15 U.S.C. § 1692e(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        D.      DEFENDANTS' WARNING OF ITS LEGAL REQUIREMENT
                TO ISSUE A NEGATIVE REPORT IS A FALSE STATEMENT
                OF THE LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                1.      Negative reports regarding Ms. Cruz had been made over 4 years
                        prior to Defendants' collection letters. . . . . . . . . . . . . . . . . . . . . . . 9

                2.      The subsequent warning of further reporting is not required. . . . . . 9

        E.      DEFENDANTS' INVENTION OF "STRAW MEN" ISSUES IS A
                DIVERSIONARY TACTIC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### Cases

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510,
91 L.Ed.2d 202 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3

*Bentley v. Great Lakes Coll. Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 5

4

*Bracken v. Harris & Zide, LLP*, W.L. 73594 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

*Camacho v. Bridgeport Financial*, 430 F.3d 1078, 1080 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . 8

6

*Lisa Y. Campuzano-Burgos v. Midland Credit Management, Inc.*,
497 F.Supp.2d 660, 663 (E.D. PA 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

8

*Cirkot v. Diversified Finsys*, 839 F. Supp. 941, 944 (D. Conn. 1993) . . . . . . . . . . . . . . . . . . . . . 5

9

*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10

*Doherty, Clifford, Steers & Shenfield, Inc. v. Federal Trade Commission*,
392 F.2d 921, 927 n.4 (6th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11

12

*Dunlap v. Credit Protection*, 419 F.3d 1011 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

13

*Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . 10, 11

14

*Federal Trade Commission v. Colgate-Palmolive*, 380 U.S. 374 (1965) . . . . . . . . . . . . . . . . . . 8

15

*Heredia v. Green*, 667 F.2d 392 (3d Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-73 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . 8

17

*Kennedy v. Silas Mason Co.*, 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948) . . . . . . . . . . 4

18

*Spratt v. Rhode Island Dep't of Corrections*, 482 F.3d 33, 43 (1st Cir. 2007) . . . . . . . . . . . . . . 4

19

*Swanson v. South Oregon Credit Service*, 869 F.2d 1222, 1225 (9th Cir. 1988) . . . . . . . . . . . . . 6

20

*TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 10, 11

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES** (Continued)

**California Statutes**

California Civil Code § 1785.26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**Federal Statutes**

Fair Credit Reporting Act –15 U.S.C. § 1681 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     § 1681a(p) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     § 1681S-2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     § 1681S-2a(7)Ai & ii . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, et seq. . . . . . . . 3, 5
     § 1692(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     § 1692(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 6, 7, 11
     § 1692e(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7
     § 1692e(1)-(16) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 11
     § 1692e(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3
     § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     § 1692 k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure, Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

**Other Authorities** 5

H.R. 10191, 94th Cong., 1st Sess. § 804 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

H.R. 13720, 94th Cong., 2d Sess. § 806(10) (1976)(Clearinghouse No. 31,059V) . . . . . . . . . . . 5

S. 3838, 94th Cong., 2d Sess. § 806(19) 1975)(Clearinghouse No. 31,059R). . . . . . . . . . . . . . . 5

S. 656, 95th Cong., 1st Sess. § 806 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

S. 918, 95th Cong., 1st Sess. § 807 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1   Irving L. Berg (SBN 36273)
    THE BERG LAW GROUP
2   145 Town Center, PMB 493
    Corte Madera, California 94925
3   (415) 924-0742
    (415) 891-8208 (Fax)
4   irvberg@comcast.net (e-mail)

5   ATTORNEY FOR PLAINTIFF

6

                    UNITED STATES DISTRICT COURT
7
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
                        SAN FRANCISCO DIVISION
9
    DAMARIS CRUZ, individually and on behalf       Case No.: C 07-05688 SC
10  of all others similarly situated,
                                                   **PLAINTIFF'S MEMORANDUM OF LAW**
11                            Plaintiff,           **IN SUPPORT OF PLAINTIFF'S CROSS-**
                                                   **MOTION FOR PARTIAL SUMMARY**
12  v.                                             **JUDGMENT AND OPPOSITION TO**
                                                   **DEFENDANT'S SUMMARY JUDGMENT**
    MRC RECEIVABLES CORP.; MIDLAND                 **MOTION**
13  CREDIT MANAGEMENT, INC.; A.
    SYRAN, an individual,
14                                                 Date:   March 21, 2008
                              Defendants.          Time:   10:00 a.m.
15  _____/             Dept:   Courtroom 1, 17th Floor
                                                   Judge:  Hon. Samuel Conti
16

17  I.    **INTRODUCTION**

18        Plaintiff, Damaris Cruz, has filed a class action complaint, pursuant to the Fair Debt

19  Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692k.

20        Ms. Cruz alleges Defendant Midland Credit Management, Inc. ("MCM"), on behalf of its

21  affiliated entities, constructed collection letters which purported to be authored for the consumer

22  recipients by A. Syran, Senior Vice President, Operations and Marketing (Complaint, Exhibits A,

23  C, E).  In fact, the corporate officer had nothing to do with the construction or the sending of the

24  letters, nor collection of the respective accounts.  The Syran declaration (Doc 17) does not speak

25  to these issues.  The Syran declaration is "window-dressing" and admits to issues that Plaintiff

26  has not challenged and which are not relevant to this controversy.  The letters were prepared to

27  deceive the consumer by leading him or her to believe that the account was receiving special

28

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT                1

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1   attention and being collected by a high official of the company.

2          The act of sending out routine collection letters[1] under the false pretense of being not just

3   from any commission-based collector, but directly from senior management is deceptive, and a

4   reasonable inference is that the intent was to so deceive the consumer.

5          In the consumer debt collection process, a debt collector may not use any false or

6   deceptive means in connection with the collection of consumer debt. 15 U.S.C. § 1692e.  Nor

7   may a collector send any document which creates a false impression as to its source,

8   authorization, or approval. 15 U.S.C. § 1692e(9).

9          Further, Defendants falsely state on their collection letter that the law requires that they

10  make a negative credit report, when in fact such a report has been made long ago by the original

11  creditors, HSBC and Defendant MCM (Damaris decl., ¶¶ 1-12), and the law does not require

12  subsequent notices.  Defendants use this false threat to coerce payment, and doing so is an

13  unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

14         For the reasons which follow, Plaintiff is entitled to summary judgment as to liability

15  because the facts and law show Defendants violated the FDCPA.  Defendants' summary

16  judgment motion (Doc 16) is without substance and must be denied.

17  **II.    PROCEDURAL HISTORY**

18         This action was commenced on November 8, 2007, by Plaintiff, Damaris Cruz's filing a

19  class action Complaint against the defendant debt collectors under the provisions of the Fair Debt

20  Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692e, 1692e(9), 1692f.

21         Defendants filed their Answer on December 8, 2007.

22         On January 26, 2008, Plaintiff filed her motion for class certification.  A hearing on that

23  motion is set for April 4, 2008.

24         On February 15, 2008, Defendants filed the herein motion under F. R. Civ. P. Rule 56.

25

26  _____

27         [1]Plaintiff believes collection letters are a fact of life, and when used according to the law
    are proper.

28

III.    **STATEMENT OF FACTS**

1.    The Complaint alleges that Defendants violated the FDCPA because Defendant MCM's collection letters, attached to the Complaint as <u>Exhibits A, C and E</u> violated 15 U.S.C. §§ 1692e, 1692e(9), and 1692f.[2]

2.    Specifically, Plaintiff contends, *inter alia*, that the inclusion of the name of A. Syran and his title of Senior Vice President, Operations and Marketing, as signator on the collection letters, raises questions as to the source of the letters, their authorization, in violation of 15 U.S.C. § 1692e(9).

3.    Mr. Syran is not an attorney, and was not acting in the capacity of an attorney as signator on the three letters.

4.    Mr. Syran is a real person whose title is accurately reflected in the collection letters attached to the Complaint as <u>Exhibits A, C, and E</u>.

5.    Mr. Syran did not personally author or mail the subject collection letters to Plaintiff, Damaris Cruz.

6.    Mr. Syran's Declaration does not state that he was personally aware that the MCM collection letters, attached to the Complaint as <u>Exhibits A, C, and E</u>, were mailed to Plaintiff on or about the date stated in the letters.

7.    Mr. Syran's Declaration does not state that he personally directed his staff to send the subject collection letters to Plaintiff.

8.    Mr. Syran, in his Declaration, does not state he had specific knowledge of the debts owed by the Plaintiff, or specific knowledge of the debt collection activity of MCM with respect to Plaintiff's debts.

9.    The three collection letters attached to the Complaint as <u>Exhibits A, C, and E</u> identify the collection agency issuing the collection letters as MCM.

---

[2]Defendant, throughout its motion, refers to the collection letter as a "settlement letter." Though the letter contains a settlement offer, it is nonetheless a collection letter under the FDCPA, and to designate it otherwise is incorrect.

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT          3

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

10.    The opening salutation on the letters reads: "Dear Damaris R. Cruz," and the letters are closed with "Sincerely, A. Syran, Vice President, Operations and Marketing."

11.    The reverse side of the letters, Exhibits B, D, and F, states:

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

12.    The statement cited in Paragraph No. 11 is false, as the Defendant MCM and the original creditor had, long before sending the subject collection letter, issued negative credit reports on Plaintiff to the credit bureaus (Cruz declaration, ¶¶ 6; and 12B-C).

13.    Further, the statement cited in Paragraph No. 11 is false as the law does not require the issuance of subsequent notices of an intention to file negative credit reports.

**IV.    LEGAL ARGUMENT**

**A.    STANDARD OF REVIEW**

In ruling on a motion for summary judgment, the Court does not weigh the evidence or find the fact.  Rather, the court's role is narrowly limited to assessing the threshold issue of whether a genuine issue exists as to material facts requiring a trial.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The 2007 Amendments to Rule 56 emphasize the breadth of the district court's discretion when resolving a summary judgment motion.   The court must deny summary judgment when a genuine issue of material fact remains to be tried.  See Rule 56, Advisory Committee Note to 2007 Amendments.  The Court enjoys some measure of discretion to grant or deny the motion.  Judgment may be denied when the factual records are disturbingly thin, or contain gaps that could be resolved by readily obtainable evidence, or where th e court concludes that a fuller factual development is necessary.  See *Spratt v. Rhode Island Dep't of Corrections*, 482 F.3d 33, 43 (1ˢᵗ Cir. 2007).  See also *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); and *Anderson v. Liberty Lobby, supra.*

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT          4

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1

## B.    HISTORY AND PURPOSE OF THE FDCPA

2      Congress enacted the FDCPA in 1977 after noting the "abundant evidence of the use of

3    abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §

4    1692(a).  Congress was concerned that abusive "debt collection practices contribute to the

5    number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

6    personal privacy."  Congress found that means "other than misrepresentation" are available for

7    the effective collection of debts. 15 U.S.C. § 1692(c).  Early bills leading to the Act generally

8    proscribed only "false or misleading" collection methods.  The Senate added the provision

9    prohibiting "deceptive" representations and collection means; several previous bills had

10   contained language identical to 15 U.S.C. § 1692e(10) prohibiting the use of "deceptive means to

11   collect or attempt to collect any debt. . . ."  See, e.g., H.R. 10191, 94th Cong., 1st Sess. § 804

12   (1975), S. 656, 95th Cong., 1st Sess. § 806 (1977); S. 918, 95th Cong., 1st Sess. § 807 (1977); H.R.

13   13720, 94th Cong., 2d Sess. § 806(10) (1976)(Clearinghouse No. 31,059V); S. 3838, 94th Cong.,

14   2d Sess. § 806(19) 1975)(Clearinghouse No. 31,059R).

15      This intention to avoid misrepresentation in debt collection practices was enacted into

16   law by the general prohibition of 15 U.S.C. § 1692e against false, deceptive, and misleading

17   collection practices, and by identification of specific deceptive acts in 15 U.S.C. § 1692e(1)

18   through e(16).

19      The FDCPA is a strict liability statute where the degree of a defendant's culpability may

20   only be considered in computing damages.  *Bentley v. Great Lakes Coll. Bureau*, 6 F.3d 60, 63

21   (2d Cir. 1993).  A single violation of § 1692e is sufficient to establish civil liability under the

22   Act.  *Id.* at 62.

23      The FDCPA is a remedial statute.  The court thus construes its language broadly, so as to

24   effect its purpose.  *Cirkot v. Diversified Finsys*, 839 F. Supp. 941, 944 (D. Conn. 1993); *Bracken

25   v. Harris & Zide, LLP*, W.L. 73594 (N.D. Cal. 2004).

26      The Ninth Circuit and almost all other circuits hold that the test for deception is whether

27   the language in a collection letter may be deceptive as viewed by "the least sophisticated debtor."

28

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT          **5**

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1   *Swanson v. South Oregon Credit Service*, 869 F.2d 1222, 1225 (9th Cir. 1988). This standard

2   requires more than simply examining whether particular language would deceive or mislead a

3   reasonable debtor, but looks to the impression left upon "the least sophisticated debtor."

C.    **THE MCM LETTERS VIOLATE THE ANTI-DECEPTION PROVISIONS OF THE FDCPA.**

1.    **15 U.S.C. § 1692e**

The collection letters in issue appear, on their face, to have been sent by A. Syran, Senior

Vice President, Operations and Marketing. The opening greeting on each of the letters is: "Dear

Damaris R. Cruz." The next several paragraphs request payment of the debt and offer a

settlement. The collection letter then closes with "Sincerely, A. Syran, Senior Vice President,

Operations and Marketing."

The Declaration of Mr. Syran filed with the Rule 56 motion of Defendants states the

letters were sent by Defendant MCM. Mr. Syran does not state that he sent the letters, that he

authored the letters, or that he had any involvement in the collection of the debt. He however

admits that the letters bear his typewritten name and his title, at the bottom of the letter.

It is obvious that the letters were sent by MCM over the name of Mr. Syran to stimulate

collection of the debt. Given this scenario, it is deceptive and misleading to the consumer to

state or imply that a high-ranking officer of the company was sending Plaintiff a collection notice

when that person had nothing to do with it. Common sense tells us that the relative position–or

"rank"–of the signator of a letter does make a significant impact on those to whom a letter,

whether a collection or other letter, is sent.   At work, a message from the unit supervisor or the

Executive Vice President of the company causes a reaction different from a message from a co-

worker. This is not a "bizarre or idiosyncratic. . . interpretation" of the weight of a signature. To

suggest otherwise is bizarre or idiosyncratic.

In ruling on a letter almost like those here, the federal District Court in the Eastern

District of Pennsylvania, the Honorable Stewart Dalzell, presiding judge, analogized to lawyer

collection letters, stating:

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT                **6**

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1
2
3
4
5
6

> But a lawyer is not the only figure who can get the debtor's knees knocking. An escalation from a lowly collection agent to a senior executive of the company could similarly demonstrate to a consumer that the debt collector means business. It is, of course, no accident that MCM used the names and titles of its executives on the collection letters at issue here. They expect, either based on research they may have conducted or just as a matter of common sense, that a title such as "President" or "Executive Vice President" connotes authority and is more likely to generate a response. *Lisa Y. Campuzano-Burgos v. Midland Credit Management, Inc.*, 497 F.Supp.2d 660, 663 (E.D. PA 2007)

7   This practice of misrepresenting the identity of the sender of a letter violates three

8   separate provisions of § 1692e: it is false (the Senior Vice President, Syran, did not author the

9   letter, § 1692e; it is deceptive (falsely suggesting high-level management involvement, §

10  1692e(10); and it creates a false impression as to source and approval, § 1692e(9). Because the

11  letters can and would reasonably be read by the least sophisticated consumer to have been sent by

12  the Senior Vice President, the letters effectively misrepresent the importance and urgency of the

13  communication. The language is cleverly drafted to convey the impression that it is more than

14  the run-of-the-mill collection letter, but one of special concern, from a vice president of the

15  company.

16  15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive or

17  misleading representation or means in connection with the collection of any debt" (emphasis

18  added). Each word of the statute is to be given effect. *TRW, Inc. v. Andrews*, 534 U.S. 19, 31

19  (2001). Sending a collection letter to a consumer over the typed signature of a senior level

20  official who had no involvement in the collection of the debt is deceptive, and for that reason

21  violates the broad prohibitions of § 1692e. Plaintiff is entitled to summary judgment as to

22  liability on violation of this section.

23  ### 2.    **15 U.S.C. § 1692e(9)**

24  Additionally, Plaintiffs have pled that Defendants have violated § 1692e(9).

25
26

> The use or distribution of any written communication [by a debt collector] which . . . creates a false impression as to its source, authorization or approval. (15 U.S.C. § 1692e(9).

27
28

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT          7

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1   This sub-section, on its face and without the need for any judicial gloss, prohibits the very

2   practice used by the clever draftsmen of collection letters sent to Plaintiff, <u>Exhibits A, C, and E</u>.

3          Our Ninth Circuit Court of Appeals has made clear that statutes are to be applied as

4   written. "We must give effect to the plain meaning of the statute." *Camacho v. Bridgeport*

5   *Financial*, 430 F.3d 1078, 1080 (9th Cir. 2005).

6          In this sub-section, Congress chose to focus not on objective falsity, as in § 1692e, but

7   upon the "false impression" created in the consumer. This sub-section, as does much of the

8   FDCPA, obviously draws upon the rich jurisprudence developed by the courts under the FTC Act

9   for over half a century. *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (observing

10  that "Courts have incorporated the jurisprudence of the FTC Act into their interpretations of the

11  FDCPA.. . . ." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-73 (11th Cir. 1985). The

12  jurisprudential history of cases under the FTC Act includes instances where products and

13  communications were alleged deceptive because they created a "false impression" in the

14  consumer's mind. See, e.g., *Federal Trade Commission v. Colgate-Palmolive*, 380 U.S. 374

15  (1965); *Heredia v. Green*, 667 F.2d 392 (3d Cir. 1981). A false impression "can be made by

16  words . . . which are literally and technically true but framed in such a setting as to mislead or

17  deceive. . . ." *Doherty, Clifford, Steers & Shenfield, Inc. v. Federal Trade Commission*, 392 F.2d

18  921, 927 n.4 (6th Cir. 1968). Defendant is a real person who did indeed hold the upper

19  management title "Vice President." However, Defendant Syran's signing of the collection letters

20  creates a false impression of authorship and approval by "fram[ing] in . . . a setting as to mislead

21  or deceive." Doherty, Id., at 927 n4.

22         There is no real debate about the facts: MCM sent out these collection letters over the

23  name of a corporate executive, a real person whose title is accurately reflected in the collection

24  letters in issue. Yet, Syran neither personally authored nor mailed the letters, nor was Syran even

25  aware that the letters were mailed to the Plaintiff. Syran had no specific knowledge of the debts

26  claimed due, nor of the debt collection activity of MCM with regard to Plaintiff's debts. These

27  letters cannot be said to be "from" this executive in any meaningful way, albeit Syran lent his

28

1  name and imposing title to the collection letters.

2      Accordingly, the Court must deny Defendant's motion and grant Plaintiff's cross-motion.

3  **D.    DEFENDANTS' WARNING OF ITS LEGAL REQUIREMENT TO ISSUE
   A NEGATIVE REPORT IS A FALSE STATEMENT OF THE LAW.**

4
5      **1.    Negative reports regarding Ms. Cruz had been made over 4 years
   prior to Defendants' collection letters.**

6      Defendants' collection letters, dated from April 11, 2007 through July 4, 2007, warn of a

7  legal requirement that a negative credit report may be issued to the credit bureaus for Plaintiff's

8  failure to fulfill the terms of her credit obligations.

9      This collection tactic is false, because a negative credit report was issued by the original

10  creditor, HSBC, in 2002 (Cruz declaration, ¶ 6), and Defendants issued a negative credit report in

11  2004 (Cruz decl., ¶¶ 12B and 12C).

12      The Plaintiff's credit report already bears the scars of her inability to pay the debt to

13  HSBC.

14      **2.    The subsequent warning of further reporting is not required.**

15      Defendant argues that the subsequent representation is allowed.  Defendants cite to Cal.

16  Civ. Code § 1785.26, arguing that the statute mandates the notification of a negative credit

17  reporting (Motion 8:15-20).  It is false to represent that the law requires a further report when the

18  negative report has already been made.

19      The statute specifically precludes a requirement that additional notice be given.

20  Defendant fails to cite to § 1785.26, which states:

21          (b) A creditor may submit negative credit information concerning a
            consumer to a consumer credit reporting agency, only if the
22          creditor notifies the consumer affected.  **After providing this
            notice, a creditor may submit additional information to a**
23          **credit reporting agency respecting the same transaction or
            extension of credit that gave rise to the original negative credit**
24          **information without providing additional notice.** [Emphasis
            added.]
25
      The California legislature, apparently alert to the zealous conduct and scare tactics of
26
   some debt collectors, issued a caution when it stated:
27
          **However, this section [Cal. Civ. Code § 1785.26] shall not be**
28

1    **construed to authorize the use of notice as provided in this**
     **section in violation of the federal Fair Debt Collection Practices**
2    **Act.**  Emphasis added.

3         Likewise, Defendants' argument based on 15 U.S.C. § 1681S-2a(a) (Motion 8:5-7) is

4    fallacious.  The quoted section merely is a prohibition against reporting inaccurate information

5    and identifies certain reporting duties.  Giving notice as the Defendants have done is

6    circumscribed by the California statute, Cal. Civ. Code § 1785.26, as well as the federal statute,

7    15 U.S.C. § 1681S-2a(7)Ai & ii, which states:

8         **(7) Negative information.**
              **(A) Notice to consumer required.**
9                  **(i) In general**.  If any financial institution that extends
          credit and regularly and in the ordinary course of business
10        furnishes information to a consumer reporting agency described in
          section 1681a(p) furnishes negative information to such an agency
11        regarding credit extended to a customer, the financial institution
          shall provide a notice of such furnishing of negative information,
12        in writing, to the customer.
                   **(ii) Notice effective for subsequent submissions**.  **After**
13        **providing such notice, the financial institution may submit**
          **additional negative information to a consumer reporting**
14        **agency described in section 1681a(p) with respect to the same**
          **transaction, extension of credit, account, or customer without**
15        **providing additional notice to the customer.**

16        Defendants' argument based on the Fair Credit Reporting Act and the California statute is

17   wrong.  The argument is unsupported by the clear language of the statutes.

18        Defendants' cited cases do not support Defendants' false representations as to credit

19   reporting law.  Defendants argue that their conduct is supported by three appellate court

20   decisions[3] (see footnote 3).  None of these cases consider the false statement made by Defendants

21   that the law requires the  negative credit report warning after notice has previously been given to

22   the consumer, when the California and federal laws do not require additional notice and the

23   negative reports have already been made.

24        Defendants argue the *Dunlap*[3] case implies a claim that Defendants name "Credit

25

26        [3]See *Dunlap v. Credit Protection*, 419 F.3d 1011 (9th Cir. 2005); *Durkin v. Equifax Check*
27   *Servs., Inc.*, 406 F.3d 410 (7th Cir. 2005); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir.
     1996).
28

Protection Association" suggests a credit reporting threat. The 9th Circuit Court said not so. The issue raised by Defendants' false report here was not involved in that case, and that case is not relevant.

The 7th Circuit *Durkin* case[3] is bereft of facts involving this case, and is no authority for Defendants' false statement that the law requires subsequent notice of a negative credit report.

The 9th Circuit, in *Wade*,[3] was not faced with the facts in this case. There, the Court stated:

> The body of the letter was informational, notifying the debtors that
> failure to pay could adversely affect her credit representation.
> There was no threat to take action that could not legally be taken.

The Court held the notice was informational.

Defendants, searching for support of their false statement regarding a legal requirement to notify of issuance of a negative credit report, has produced nothing, notwithstanding its argument and unrelated citations in its motion at pages 7-10 (Doc 16).

The representation that there exists a legal requirement to give subsequent notices of a negative credit report after issuance of the original notice is false and is a violation of § 1692e; and is an unfair and unconscionable means to collect a debt, in violation of § 1692f.

## E.    DEFENDANTS' INVENTION OF "STRAW MEN" ISSUES IS A DIVERSIONARY TACTIC.

Defendants, in their motion, present three false issues that are only distractions–"straw men" that Defendants set up and then knock over, one by one. These issues have been created by Defendants only as distractions.

> Invention One: The FDCPA was passed to prohibit harassment and abuse
> (Motion, p. 5).

The FDCPA was passed also to prevent deception, § 1692e-e(16). It was also passed to provide for verification of the alleged debt, § 1692g.

> Invention Two: Plaintiff alleges that the meaningful involvement
> test applied to lawyers should be applied against Defendant Syran
> (Motion, pp. 13-15).

Plaintiff does not argue that the attorney test be applied against Defendant Syran, other

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR PARTIAL SUMMARY JUDGMENT                    11

CRUZ V. MRS RECEIVABLES
CORPORATION, et al.
CASE NO. C 07-05688 SC

1  than to show the effect an important person will have on a consumer.

2        <u>Invention Three</u>: Plaintiff disputes the *bona fides* of the settlement
         offer (Motion, 2:1-2; 2:13-28; 3:1-8 11: 12-22, 11:23-26, 12:1-8).
3

4        Plaintiff does not dispute that the Defendants, in their collection letter, make a settlement

5  offer.

6        These diversionary tactics are distractions from the serious issues raised by Plaintiff in

7  her Complaint.

   **V.    <u>CONCLUSION</u>**
8
         It takes only one violation of the Act to establish liability.  Defendants' practice involves
9
   many more violations.
10
         Plaintiff requests that Defendants' motion be denied, and Plaintiff's counter-motion for
11
   partial summary judgment be granted.
12
                              Respectfully submitted,
13

14
   Dated:  __2/27/08____            _____/s/_____
15                                  Irving L. Berg

16

17

18

19

20

21

22

23

24

25

26

27

28