1 | TOMIO B. NARITA (SBN 156576)
2 | JEFFREY A. TOPOR (SBN 195545)
  | SIMMONDS & NARITA LLP
  | 44 Montgomery Street, Suite 3010
3 | San Francisco, CA 94104-4816
  | Telephone: (415) 283-1000
4 | Facsimile:  (415) 352-2625
  | tnarita@snllp.com
5 | jtopor@snllp.com

6 | Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAMARIS CRUZ, individually and on behalf of all others similarly situated, | CASE NO.: C 07 05688 SC |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MRC RECEIVABLES CORP.; MIDLAND CREDIT MANAGEMENT, INC.; A. SYRAN, an individual, | Date: March 21, 2008<br>Time: 10:00 a.m.<br>Dept: Courtroom 1, 17th Floor |
| Defendants. | The Honorable Samuel Conti |

Defendants MRC Receivables Corp and Midland Credit Management, Inc. ("Defendants") hereby submit the following objections to the evidence submitted by the plaintiff in connection with plaintiff's cross-motion for summary judgment. Defendants move to strike the purported evidence and object to its consideration in connection with the motion.

## OBJECTIONS TO THE DAMARIS CRUZ DECLARATION

Defendants hereby object and move to strike from the record the following portions of the Declaration of Damaris Cruz In Support of Plaintiff's Cross-Motion For Partial Summary Judgment (Docket 21).

1. **Objections to Paragraph 5.** Hearsay; lack of foundation; speculation. Ms. Cruz purports to testify that she "believes" she was advised by a non-party, HSBC, that HSBC would submit a negative report to credit bureau about her delinquent account. This statement is offered for the truth of the matter stated, and is therefore hearsay under Rule 801 of the Federal Rules of Evidence. As the statement does not fall within any exception to the hearsay rule, it is inadmissible under Rule 802 of the Federal Rules of Evidence. In addition, the statement should not be considered in connection with this motion as it is speculative and lacks a proper evidentiary foundation. Ms. Cruz does not attempt to establish when she was told this information by HSBC, who at HSBC made the statement to her, which consumer reporting agencies would be advised of her account, or whether the person at HSBC had the authority to make binding statements on behalf of HSBC. The entire paragraph 5 of the declaration should be stricken and should not be considered in connection with the motion.

2. **Objections to Paragraph 6 and Exhibit A**. Hearsay; lack of foundation; speculation. Ms. Cruz purports to summarize portions of the contents of a credit report, which she attaches as Exhibit A to her declaration. She offers the alleged report for the truth of the matter stated therein, *i.e.*, to prove that

"HSBC reported the account as charged off as of June 2002 to April 2003." Ms. Cruz does not claim she is an employee of non-party HSBC, nor does she claim to be an employee of non-party Experian. She therefore lacks any foundation to interpret any portion of the alleged credit report that she has attached to her declaration, nor is she competent to lay a proper foundation for its admission into evidence in connection with this motion. She cannot testify as to the record keeping or data transmission procedures of HSBC, nor is she qualified to testify regarding the record keeping procedures of Experian. She cannot testify that the alleged report reflects data that was regularly maintained in the ordinary course of the business of HSBC or Experian, or that HSBC or Experian regularly rely upon such data for its accuracy. Her testimony is offered for the truth of the matter stated in the report, *i.e.*, she seeks to prove that HSBC did in fact submit the described negative report about her. Her testimony and Exhibit A are therefore hearsay under Rule 801 of the Federal Rules of Evidence. As neither the testimony nor Exhibit A can fall within any exception to the hearsay rule, both are inadmissible under Rule 802 of the Federal Rules of Evidence. In addition, her testimony about the alleged contents of her credit report should not be considered in connection with this motion as it is speculative and lacks a proper evidentiary foundation. The entire paragraph 6 of the declaration, as well as Exhibit A to the declaration, should be stricken and should not be considered in connection with the motion.

        3.    **Objections to Paragraph 7 and Exhibit A**. Hearsay, lack of foundation, speculation. For all of the reasons stated above, Ms. Cruz cannot authenticate or lay a proper foundation for portions of her alleged credit report, and the contents of the alleged report, and her testimony concerning it, are hearsay and are inadmissible. The analysis does not change simply because Ms. Cruz states that she requested her report "pursuant to federal law." The entire paragraph

7 and Exhibit A to the declaration should be stricken and should not be considered in connection with the pending motion.

    4.    **Objections to Paragraph 8 and Exhibit A**. Hearsay, lack of foundation, speculation. For the reasons previously stated above, Ms. Cruz cannot authenticate or lay a proper foundation for portions of her alleged credit report, and the contents of the alleged report, and her testimony concerning it, are hearsay and are inadmissible. She offers the statement that the account was "purchased by another lender" to prove the truth of alleged fact that the account was purchased by MRC. Once again, this is hearsay and speculation, and is not competent evidence of the chain of title on her account. The entire paragraph 8 and Exhibit A to the declaration should be stricken and should not be considered in connection with the pending motion.

    5.    **Objections to Paragraph 9.** Hearsay, lack of foundation, speculation. All of the testimony contained in paragraph 9 of the declaration is based upon Mr. Cruz's speculation about the contents of the alleged credit report. Ms. Cruz speculates, based on her interpretation of her alleged credit report, and her interpretation of letters sent by Midland, which are attached to the Complaint, that the Union Privilege account referenced in her credit report and the account referenced by Midland are the same. Once again, for the reasons previously stated, none of her testimony regarding the alleged credit report is admissible. Similarly, her testimony in paragraph 9 which purports to compare information from the credit report to information allegedly reflected in Midland's letters is speculative and lacking in foundation. All of the testimony in paragraph 9 of the declaration should be stricken and should not be considered in connection with this motion.

    6.    **Objections to Paragraph 10.** Hearsay, lack of foundation, speculation. Defendants object to the testimony in paragraph 10 which states: "I

1 believe this is the same or similar statement that was on the HSBC letter sent to me
2 when I was having financial problems." Ms. Cruz does not attach a copy of any
3 letter from HSBC, nor is she qualified to lay the foundation for the admission of
4 such a letter into evidence, even if the letter was available to her.  Her testimony
5 regarding the alleged contents of a letter that is not before the Court is hearsay and
6 is pure speculation.  This testimony should be stricken and should not be
7 considered in connection with the pending motion.

8        7.     **Objections to Paragraphs 11 and 12 and Exhibit B**.  Hearsay, no
9 foundation, speculation.  Ms. Cruz purports to offer into evidence a page from a
10 credit report that was allegedly generated by non-party TransUnion, which she
11 attaches as Exhibit B to her declaration.  She offers the alleged TransUnion credit
12 report for the truth of the matters stated therein, *i.e.*, to prove what Midland's
13 records allegedly reflect concerning the account.  Thus, she testifies, based upon
14 the contents of the alleged TransUnion credit report that "Midland acquired the
15 accounts [sic] in October 2004' that 'Midland shows the account as 'Pay Status:
16 Collection Account' and that 'Midland shows the account as 'Past Due:
17 $1,898.00.'"  Ms. Cruz does not claim she is an employee of non-party
18 TransUnion, nor does she claim to be an employee of Midland.  She therefore
19 lacks any foundation to interpret any portion of the alleged TransUnion credit
20 report that she has attached to her declaration, nor is she competent to lay a proper
21 foundation for its admission into evidence in connection with this motion.  She
22 cannot testify as to the record keeping or data transmission procedures of Midland,
23 so she cannot testify about what Midland's records allegedly "show" about the
24 account.  Nor is she qualified to testify regarding the record keeping procedures of
25 TransUnion, so she cannot testify that the alleged report reflects data that was
26 regularly maintained in the ordinary course of the business of TransUnion, or that
27 TransUnion regularly relies upon such data for its accuracy.  Her testimony and
28

CRUZ V. MRC RECEIVABLES ET AL. (CASE NO. C 07 05688 SC)
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE RE SUMMARY JUDGMENT    4.

1  Exhibit B are therefore hearsay under Rule 801 of the Federal Rules of Evidence.
2  As neither the testimony nor Exhibit A can fall within any exception to the hearsay
3  rule, both are inadmissible under Rule 802 of the Federal Rules of Evidence.  In
4  addition, her testimony about the alleged contents of her credit report should not
5  be considered in connection with this motion as it is speculative and lacks a proper
6  evidentiary foundation.  The entire paragraph 11 and paragraph 12 of the
7  declaration, as well as Exhibit B to the declaration, should be stricken and should
8  not be considered in connection with the motion.

10  DATED: March 7, 2008                           SIMMONDS & NARITA LLP
                                                                         TOMIO B. NARITA
11                                                                       JEFFREY A. TOPOR

                                                              By:    /Tomio B. Narita/
14                                                                        Tomio B. Narita
                                                                            Attorneys for Defendants